

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. K. K. Wassell, Director
Agents' License and Investigation
Board of Insurance Commissioners,
Austin, Texas

Dear Sir:

Opinion No. O-1184
Re: 1. Is it a mandatory provision
in Art. 5068b, Sec. 5, that
insurance companies be re-
quired to make appointments
of agents before accepting
such agent's business, and
if so, what would be the
penalty against a company
2. not complying with same?

2. Under the facts set forth,
is such a company subject
to prosecution for accepting
the business of an agent not
so appointed?

Your request for an opinion on the above stated ques-
tions has been received by this department.

Your letter reads in part as follows:

"Article 5068b, Sec. 5, R.C.S., requires life in-
surance agents to be appointed by the company to be
represented and notice given to the Insurance Commis-
sioners of such appointment. An agent is frequently
appointed by several companies and after obtaining an
agent's license as required by Sec. 1 of this Article
(Art. 5068b, Sec. 1) is permitted to write insurance
for the companies so named. It has come to our notice
that certain life insurance companies are accepting
business from agents who have a license from this De-
partment, but with no appointment from the company ac-
cepting the contracts of insurance."

NO COMMUNICATIONS IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 5068b, R.C.S., reads in part as follows:

"Section 1. Hereafter when any person shall desire to become an agent for a life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, local mutual aid association, or statewide mutual association, soliciting or writing insurance in the State of Texas, as the term agent is elsewhere defined in the law, he shall, in such form and giving such information as may be required, make application to the Board of Insurance Commissioners for a license to act as such agent. After the Board of Insurance Commissioners shall determine that such person is of good character and reputation, it shall issue the license to such person in such form as it may prepare.

"Sec. 2. Any license so issued by the Board of Insurance Commissioners to any person shall remain in force and effect for a period of one year; at the end of which time he may be issued a new license. Such agent may at any time he desires surrender, voluntarily, his license by filing notice with such Board of Insurance Commissioners or said license may be cancelled by the Board of Insurance Commissioners for cause, or if such person shall not have outstanding a legal and definite appointment by some life insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, or local mutual aid association, or statewide mutual association soliciting or writing insurance in the State of Texas, to act as its agent, in which latter event the license shall be forfeited.

"Sec. 3. When any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, or local mutual aid association, or statewide mutual association soliciting or writing business in this State shall employ any such person who has received such license, as its agent, such company shall notify the Board of Insurance Commissioners of such appointment and employment and thereafter such person shall prima facie be deemed, for the purposes of this Act, to be the agent of such life insurance company, acci-

dent insurance company, life and accident, health and accident, or life, health and accident insurance company, or association, or organization, or local mutual aid association, or statewide mutual association for a period of twelve (12) months and/or until such employment and appointment has been terminated and withdrawn under other provisions of this Act."

In stating who are insurance agents, Article 565 of the Penal Code reads as follows:

"Whoever solicits insurance on behalf of any insurance company, whether incorporated under the laws of this or any other State, or foreign government, or who takes or transmits other than for himself, any application for insurance, or any policy of insurance, to or from such company, or who advertises or otherwise gives notice that he will receive or transmit the same, or shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive or collect or transmit any premium of insurance, or make or forward any diagram of any building or do any other act in the making or consummating of any contract of insurance for or with any such insurance company other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance, or by the employment of such insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken, as far as relates to all the requirements and penalties herein set forth."

Article 566 of the Penal Code reads as follows:

"The preceding article shall not apply to citizens of this State who arbitrate in the adjustment of losses between the insurers and the assured, nor to the adjustment of particular or general average losses of vessels or cargoes by marine adjusters, nor to attorneys at law in the State acting in the regular transaction of their business as such, and who are not local agents nor acting as adjusters for any insurance company."

Article 572 of the Penal Code reads as follows:

"Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company of any kind or character, or transmits for a person other than himself, an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been canceled or revoked, shall be fined not more than one hundred dollars."

Article 570a of the Penal Code provides in part that:

"* * * * any officer or representative of any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company or association, or organization, local mutual aid association, or statewide mutual association who shall knowingly contract with or appoint as an agent any person who does not have a valid and outstanding license, as herein provided shall be guilty of a misdemeanor and, upon conviction, shall be fined any sum not in excess of Five Hundred Dollars ($500) and shall be barred from receiving a license as an insurance agent for a period of at least two (2) years."

Article 572 of the Penal Code, supra, makes it an offense for a person to act as an agent for an insurance company without a certificate of authority to act as agent or solicitor for said company; and Article 570a of the Penal Code, supra, makes it an offense for any officer or representative of any insurance company named therein to knowingly contract with or appoint as an agent any person who does not have a valid and outstanding license; however, after a careful search of the Penal Statutes, we are unable to find any statute which makes it an offense where an insurance company accepts the business of an agent, who does not have a certificate of authority to act as agent or solicitor for such company.

Article 2 of the Penal Code reads as follows:

"In order that the system of penal law in force in this State may be complete within itself,

Hon. H. E. Kassel - page 5

and that no system of foreign laws, written or
unwritten, may be appealed to, it is declared
that no person shall be punished for any act or
omission, unless the same is made a penal of-
fense, and a penalty is affixed thereto by the
written law of this State."

Sec. 3, of Art. 5068h, specifically provides that
when any life insurance company, association or organiza-
tion, etc., named therein, shall employ any such person who
has received a license, as provided in Sec. 1 of Art. 5068h,
as its agent, such company shall notify the Board of Insur-
ance Commissioners of such appointment and employment and
thereafter such person shall prima facie be deemed, for the
purposes of the Act, to be the agent of such company; how-
ever, there is no provision in this statute prohibiting the
company from accepting business of an agent not authorized
or appointed to act as agent for such company, and there is
no penal statute, as above stated, making it a criminal of-
fense for a company, association or organization accepting
business of an agent, who is duly licensed by the Board of
Insurance Commissioners but not authorized or appointed by
such company.

In view of the foregoing statutes you are respect-
fully advised that it is the opinion of this department that
both of your questions be answered in the negative.

Trusting that the foregoing answers your inquiry,
we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AX-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

APPROVE AUG 11, 1939

ATTORNEY GENERAL OF TEXAS